# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHANE T. ROBBINS,**

    Petitioner,

-vs-                                Case No. 15-C-1343

**WILLIAM POLLARD,**
**Warden, Waupun Correctional Institution,**

    Respondent.

# DECISION AND ORDER

Pro se Petitioner Shane T. Robbins, a state prisoner, has filed a petition for a writ of habeas corpus pursuant 28 U.S.C. § 2254. Following this Court's denial of his motion to proceed *in forma pauperis* (ECF No. 6), Robbins paid the $5 filing fee.

The Court now considers this matter pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Court which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response . . .

The Court is obliged to give Robbins' pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The Court's initial review requires determining whether the petitioner

has set forth cognizable constitutional or federal law claims and exhausted available state remedies. It is well established that a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief. 28 U.S.C. § 2254(b)(1)(A). In order to comply with this requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

Robbins is currently serving a 45-year sentence following his conviction for six counts of first degree sexual assault of a child, two counts of child enticement-sexual contact, two counts of exposing genitals to a child, one count of exposing a child to harmful material, one count of causing a child to view/listen to a sex act, and one count of child abuse-intentionally causing harm.

Liberally construed, Robbins' petition alleges that his trial counsel was ineffective because he failed to investigate the case, file pretrial motions, file motions in limine, address issues, call lay or expert witnesses, and request "limited instructions." (Pet. 7, ECF No. 1.) Robbins' allegations raise a ground for relief under the Sixth Amendment. *See Strickland v. Washington,* 466 U.S. 668 (1984). He states that he has not exhausted his state remedies, because

he has not received all needed documents from appellate counsel.[1]

Despite liberal construction, review of the petition establishes that Robbins has not exhausted his state court remedies. Furthermore, there is no indication that exhaustion would be futile. Indeed, official Wisconsin state court records indicate that in late December 2015 Robbins' appellate counsel filed a post-conviction motion to vacate part of the judgment and for resentencing. *See https://wcca.wicourts.gov* Robbins' petition must be dismissed on Rule 4 review because he has failed to exhaust his state court remedies with respect to his ineffective assistance of trial counsel claim.

Under Rule 11 of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. When the Court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000). A petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. And a petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.*

---

[1] On October 8, 2015, the Wisconsin Court of Appeals rejected the no-merit report which Robbins' appellate counsel filed on direct appeal and ordered that the time to file a state post-conviction motion was extended to 45 days from the date of the order. *See http://wscca.wicourts.gov* (last visited Jan. 6, 2016.) That deadline was subsequently extended. *See https://wcca.wicourts.gov* (last visited Jan. 6, 2016.)

Although Robbins has alleged a valid claim for the denial of a constitutional right, he has failed to exhaust his state remedies. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, the Court declines to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Robbins' petition and this action are **DISMISSED** without prejudice for failure to exhaust his state remedies;

This decision does not address the merits of Robbins' petition;

The Court declines to issue a certificate of appealability; and

The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2016.

                                **BY THE COURT:**

                                */s/ Rudolph T. Randa*
                                **HON. RUDOLPH T. RANDA**
                                **U.S. District Judge**