UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**SHANE T. ROBBINS,**

        Petitioner,

-vs-                                        Case No. 15-C-1343

**BRIAN FOSTER, Warden,**[1]
**Waupun Correctional Institution,**

        Respondent.

# DECISION AND ORDER

Pro se Petitioner Shane T. Robbins, a state prisoner, has filed a motion for reconsideration of the Court's Decision and Order and Judgment which dismissed his § 2254 habeas petition without prejudice for failure to exhaust state remedies. The motion also seeks correction of the record.

Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence. *See, e.g., Miller v. Safeco Ins. Co. of Am.,* 683 F.3d 805, 813 (7th Cir. 2012). "This rule enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Id.* (internal citation and quotation marks omitted). The decision to grant or deny a Rule 59(e)

---

[1] Pursuant to Rule Two of the Rules Governing Section 2254 Cases, the Court has substituted Brian Foster, the current warden of Waupun Correctional Institution in place of William Pollard, the former warden.

motion is entrusted to the "sound judgment" of the district court. *Id.*

Robbins' motion clarifies that he previously completed one round of Wisconsin's appellate review process, s*ee O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999), and that he is currently attempting to exhaust additional claims. Consequently, he requests that the Court vacate its prior order and judgment and instead issue an order staying this action while he exhausts his remaining claims.

When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state court remedies, the judge may either dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. § 2254(b)(1)(A). *See also Rhines v. Weber,* 544 U.S. 269, 278 (2005); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). For that reason, the Supreme Court has "instructed prisoners who are unsure about whether they have properly exhausted state remedies, to file a 'protective' petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)) (internal quotation marks and alteration omitted). "[W]henever good cause is shown

and the claims are not plainly meritless, stay and abeyance is the preferred course of action." *Id.*

Upon reconsideration, the Court concludes that stay and abeyance is warranted in this case. Robbins' claims are not plainly meritless, and he has shown good cause for filing a protective petition because otherwise he may be precluded from proceeding with his federal petition. *See id.* Therefore, the Court vacates its January 22, 2016, Decision and Order and the January 25, 2016, Judgment.

This action will be stayed and held in abeyance until Robbins informs the Court that he has exhausted his state court claims and is ready to proceed with this action. So that the case is not stayed indefinitely, Robbins must file a statement asking the Court to lift the stay no later than 30 days after the final state court action on his case.

Robbins also moves to correct the record, indicating that the Court mis-stated the sentence he is currently serving at page 2 of its decision.[2] He says he is serving 25 years of initial confinement and 15 years of extended supervision on one count of first degree sexual assault of a child

---

[2] The Court stated that Robbins is currently serving a 45 year sentence following his convictions for six counts of first degree sexual assault of a child, two counts of child enticement-sexual contact, two counts of exposing genitals to a child, one count of causing a child to view/listen to a sex act and one count of child abuse intentionally causing harm.

- 3 -

under age 12; 20 years of initial confinement and ten years of extended supervision on one count of sexual contact with a child under the age of 13, consecutively; three years of initial confinement and three years of extended supervision, concurrently, for one count of physical abuse of a child—intentionally causing bodily harm; and nine months of jail, concurrently, for two counts of exposing genitals to a child. This is consistent with statements in the Wisconsin Court of Appeals' opinion and order in Robbins' case. Based on the foregoing, Robbins' motion for reconsideration and to correct is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Foster is **SUBSTITUTED** for Pollard as the Respondent;

Robbins' motion to correct and for reconsideration (ECF No. 11) is **GRANTED**;

The Court's January 22, 2016, Decision and Order and January 25, 2016, Judgment are **VACATED**;

This action is stayed until further order of the Court;

The Clerk of Court is directed to close this case for statistical purposes; and

- 4 -

This order does not dismiss or dispose of this action; this action will be reopened upon Robbins' request to lift the stay within 30 days of the final state court action.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2016.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**