# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHANE T. ROBBINS,**

      **Petitioner,**

      v.        Case No. 15-CV-1343

**RANDALL HEPP[1],**

      **Respondent.**

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Shane T. Robbins, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. (ECF No. 1.) The petition was initially assigned to the Honorable Rudolph T. Randa, who stayed it to permit Robbins to return to state court to exhaust his remedies there. (ECF No. 13.) The matter was reassigned to this court following Judge Randa's death, and on September 16, 2020, the court lifted the stay and ordered Robbins to file an amended petition. (ECF No. 21.) On October 28, 2020, the court received Robbins's amended petition, which the court must now screen in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

---

[1] In the caption of his amended petition (ECF No. 22), Robbins identifies himself as "Shane T. Robinson" and the respondent at "Robert Hepp." The petitioner's last name is Robbins, and the respondent's first name is Randall.

Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Having reviewed the petition, the court is unable to say that it is plainly apparent that Robbins is not entitled to relief. Therefore, the respondent shall answer the petition. The court's decision reflects its conclusion only that the petition is not subject to dismissal at this preliminary stage. The court has not definitively concluded that the petition is timely, that the petitioner has exhausted his state court remedies with respect to all claims presented in the petition, or that the petition or individual claims are not subject to dismissal for substantive or procedural reasons.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order** the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. Robbins shall then submit a brief in support of his petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. Robbins may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss Robbins's petition no later than **60 days after this order**. In the event the respondent moves to dismiss the petition,

Robbins shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, that will conclude the briefing. The court will then resolve the petition on the written record.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 29th day of October, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

3
Case 2:15-cv-01343-WED   Filed 10/29/20   Page 3 of 3   Document 23