# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHANE T. ROBBINS,

          Petitioner,

v.                                         Case No. 15-CV-1343

RANDALL HEPP,

          Respondent.

# ORDER

This action was stayed for a lengthy period to allow petitioner Shane T. Robbins to exhaust his remedies in state court. On September 16, 2020, the court granted Robbins's motion to lift the stay (ECF No. 21), and Robbins filed an amended petition for a writ of habeas corpus on October 28, 2020 (ECF No. 22).

The court screened the petition under Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. (ECF No. 23.) The respondent answered the petition on January 27, 2021, and in doing so asserted that all of Robbins's claims were procedurally defaulted, some because he did not exhaust his state court remedies and some because the state courts rejected the claims on adequate and independent state law grounds. (ECF No. 26, ¶¶ 9-10.)

Robbins filed motions for the appointment of counsel (ECF No. 28) and for an extension of time (ECF No. 29). The court denied without prejudice the motion to appoint counsel but granted the motion for an extension of time. (ECF No. 30.)

On March 1, 2021, the court received two documents from Robbins. The first is captioned, "Petitioner's Response to States False Claims." (ECF No. 31.) In this document he says he is unclear why the respondent is arguing that his claims are procedurally barred, and he does not understand why the Court of Appeals construed a filing as a motion under Wis. Stat. § 974.06. (ECF No. 31 at 1-2.) He does not request any relief but says, "I wait to see if court Grants Counsel or wait to see if the States position changes." (ECF No. 31 at 2.) This document was dated February 25, 2021, the same day the court denied his motion for appointment of counsel, and so was written before Robbins received the court's order. (ECF No. 31.)

His second filing is captioned, "Motion for Writ of Error." (ECF No. 32.) He says he "seeks a remedy to correct the States error of their claim that I am Procedurally barred from raising all of claims in the State and Federal Courts." (ECF No. 32.) He explains that he does not understand why the court of appeals construed his filing as a motion under Wis. Stat. § 974.06, and states, "I believe the only way to correct this issue is to appoint petitioner counsel." (ECF No. 32.)

On April 6, 2021, the respondent filed a motion captioned, "Motion to Clarify Briefing Schedule and, if Necessary, to Extend Time to File Respondent's Brief in

Opposition." (ECF No. 33.) The respondent notes that it does not appear that Robbins has submitted a brief in support of his petition despite the fact that the deadline for doing so was March 10, 2021, and thus the respondent is unclear whether a response is required.

Robbins's "Motion for Writ of Error" is without legal basis and is denied. To the extent it may be construed as a renewed motion for the appointment of counsel, it is denied without prejudice. A habeas petitioner has no general statutory or constitutional right to counsel. *Wright v. West*, 505 U.S. 277, 293, 112 S. Ct. 2482, 2490 (1992). Rather, the appointment of counsel is appropriate only if the court finds that it is required in the interests of justice. 18 U.S.C. § 3006A(a)(2). Based on the court's review of the record thus far, the court does not find that the interests of justice require the appointment of counsel. Moreover, to the extent that Robbins is requesting counsel to assist him in state proceedings, it is up to the state courts to appoint counsel for such proceedings. However, if it becomes apparent in the court's review of the merits of Robbins's petition that the interests of justice require that counsel be appointed to assist Robbins in these federal proceedings, the court will appoint counsel without further motion.

Finally, the court notes that Robbins has not submitted a brief in support of his petition despite referring to things he will try to include in his "final argument." (ECF No. 31 at 1.) In an abundance of caution, in case Robbins's failure to submit a brief in

3

Case 2:15-cv-01343-WED    Filed 04/07/21    Page 3 of 4    Document 34

Opposition." (ECF No. 33.) The respondent notes that it does not appear that Robbins has submitted a brief in support of his petition despite the fact that the deadline for doing so was March 10, 2021, and thus the respondent is unclear whether a response is required.

Robbins's "Motion for Writ of Error" is without legal basis and is denied. To the extent it may be construed as a renewed motion for the appointment of counsel, it is denied without prejudice. A habeas petitioner has no general statutory or constitutional right to counsel. *Wright v. West*, 505 U.S. 277, 293, 112 S. Ct. 2482, 2490 (1992). Rather, the appointment of counsel is appropriate only if the court finds that it is required in the interests of justice. 18 U.S.C. § 3006A(a)(2). Based on the court's review of the record thus far, the court does not find that the interests of justice require the appointment of counsel. Moreover, to the extent that Robbins is requesting counsel to assist him in state proceedings, it is up to the state courts to appoint counsel for such proceedings. However, if it becomes apparent in the court's review of the merits of Robbins's petition that the interests of justice require that counsel be appointed to assist Robbins in these federal proceedings, the court will appoint counsel without further motion.

Finally, the court notes that Robbins has not submitted a brief in support of his petition despite referring to things he will try to include in his "final argument." (ECF No. 31 at 1.) In an abundance of caution, in case Robbins's failure to submit a brief in

support of his petition was based on a misunderstanding of his obligations, the court will grant Robbins an extension of time to file an initial brief in support of his petition.

**IT IS THEREFORE ORDERED** that the respondent's motion (ECF No. 33) is granted as follows. Robbins shall file his brief in support of his petition no later than **May 5, 2021**. The respondent shall respond no later than **June 18, 2021**. Robbins shall reply no later than **July 19, 2021**.

**IT IS FURTHER ORDERED** that Robbins's "Motion for Writ of Error" (ECF No. 32) is **denied**. To the extent that it is a renewed motion for appointment of counsel, it is denied without prejudice.

Dated at Milwaukee, Wisconsin this 7th day of April, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge